IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BRUSNAHAN, on behalf of hisself and all othiss similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OVERSIGHT SYSTEMS, INC., a Delaware corporation, and **PATRICK TAYLOR**, Individually,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>CIVIL ACTION<br>FILE NO.<br>:<br>**JURY TRIAL**<br>**DEMANDED**<br>: |

## COMPLAINT

Michael Brusnahan, on behalf of himself and all others similarly situated, through his counsel, Stephen M. Katz, THE KATZ LAW GROUP, respectfully shows as follows:

### Nature of this Action

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## Parties

2.

Michael Brusnahan, the named Plaintiff in this action, is an individual, lives in the Northern District of Georgia.

3.

Oversight Systems, Inc. ("Oversight Systems") is a Delaware corporation with its principal office and place of business at 1090 Northchase Parkway, Suite 350, Marietta, Georgia 30067. Oversight Systems can be served by delivering a copy of the summons and complaint to its registered agent, Patrick J.D. Taylor, at 1090 Northchase Parkway, Suite 350, Marietta, Georgia 30067.

4.

Defendant Patrick Taylor, lives in the Northern District of Georgia and serves as Oversight Systems' Chief Executive Officer. Taylor can be served by delivering a copy of the summons and complaint to him at 1090 Northchase Parkway, Suite 350, Marietta, Georgia 30067.

5.

Oversight Systems maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally.

6.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

7.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

8.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted "...directly or indirectly in the interest of an employer in relation to an employee..."

9.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

10.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## Jurisdiction

11.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## Venue

12.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## Facts

13.

Brusnahan was employed by Defendants as a "Customer Support Engineer" from July, 2008 until November, 2010.

14.

Brusnahan's job duties while employed by Defendants consisted primarily of standard production support, i.e., monitoring nightly batch jobs, re-running failed jobs, entering trouble tickets and escalating trouble tickets to programmers, installing software, adding new users to various servers, and assisting users with their use of various servers.

16.

Brusnahan and the putative class of individuals did not have discretionary authority in their positions.

17.

While employed by Defendants, Brusnahan and the putative class of individuals have consistently worked over 40 hours per week. Brusnahan and the putative class members are similarly situated in terms of pay and compensation.

18.

Defendants failed to provide Brusnahan or members of the putative class with overtime compensation for hours worked in excess of 40 in a workweek.

19.

During Brusnahan's employment at Oversight Systems he consistently

worked in excess of 40 hours per week.

19.

Brusnahan often worked in excess of 50 hours per week during his employment at Oversight Systems.

20.

Brusnahan often worked in excess of 60 hours per week during his employment at Oversight Systems.

21.

Brusnahan sometimes worked in excess of 70 hours per week during his employment at Oversight Systems.

22.

Brusnahan sometimes worked in excess of 80 hours per week during his employment at Oversight Systems.

**Claims for Relief**

**<u>Count I</u>**

**Violation of 29 U.S.C. § 216(b)**

**(FLSA)**

19.

Brusnahan repeats and re-alleges each and every paragraph set forth in

paragraphs 1 to 18 as if fully set forth at length herein.

20.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Brusnahan, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Brusnahan, as well as those similarly situated to his were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

22.

Brusnahan, and those similarly situated to his, are not exempt employees under the FLSA; thus, Defendant was required to pay them overtime compensation for all hours worked each week in excess of 40.

23.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendant owes Brusnahan, and those similarly situated to his, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

### Count II

25.

Brusnahan incorporates the allegations contained in paragraphs 1 through 24 of this complaint as though the same were fully set forth at length herein.

26.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and the conditions and practices of employment maintained by them.

27.

Brusnahan and those similarly situated to his are entitled to relief shifting the burden of proof to Defendants with regard to the amount of

overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Brusnahan demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Michael Brusnahan and all those similarly situated to his and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

6. Pursuant to Section 216(b) of the Act, judgment in favor of Brusnahan and those similarly situated to his and against Defendants, jointly and severally, for reasonable attorneys fees;

7. Judgment in favor of Brusnahan and those similarly situated to Brusnahan and against the Defendants, jointly and severally, for prejudgment interest;

8. Judgment in favor of Brusnahan and those similarly situated to his and against the Defendants, jointly and severally, for all taxable and non-

taxable costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

10. Such other, further and different relief as this Court deems appropriate.

This 25th day of January, 2011.

By: _____
Stephen M. Katz
Georgia Bar No. 409065

**K L G**

THE KATZ LAW GROUP LLC

THE KATZ LAW GROUP
Suite 200
4799 Olde Towne Parkway
Marietta, Georgia 30068
Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail: smkatz@smk-law.com