IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL BRUSNAHAN,           :
                             :
     Plaintiff,              :
                             :
                             :     CIVIL ACTION NO.
v.                           :     1:11-cv-0281-AT
                             :
OVERSIGHT SYSTEMS, INC., et al, :
                             :
     Defendants.             :

## ORDER

This matter is before the Court on the Settlement Agreement and General Release submitted by the parties for the Court's review and approval. In his complaint, Plaintiff Michael Brusnahan alleged that Defendants Oversight Systems, Inc. and Patrick Taylor had engaged in a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay overtime wages. The Defendants denied each of Plaintiff's claims in the action and denied Plaintiff was entitled to any relief.

After completing discovery, the parties negotiated a settlement of Plaintiff's claims. The parties submitted the proposed settlement to the Court in camera. The Court thereafter on December 9, 2011, held a telephone conference with counsel

for both parties to determine the precise scope of relief agreed upon as well as the evidentiary and legal basis of any compromise of Plaintiff's rights negotiated.

The Fair Labor Standards Act ("FLSA") imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). Under the FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See* 29 U.S.C. § 216(c) Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness." Id.

In reaching the subject settlement, the parties recognized that there were specific litigation risks that each side faced and negotiated the settlement terms properly based on this assessment. After review of the settlement agreement and hearing counsel's views regarding the terms of settlement, the Court finds the settlement agreement is the product of arm's length bargaining between experienced counsel. This settlement enables the parties to avoid recognized and real litigation risks posed by their respective positions. The provisions of the

Agreement are fair, adequate, and reasonable. Plaintiff will receive an appropriate proportionate amount of salary owed. Plaintiff's attorneys' fees and expenses are reasonable but not excessive and will be reimbursed separate and apart from the sum to be paid to Plaintiff.

THEREFORE, the following measures are ORDERED:

1. The Court **APPROVES** the Settlement Agreement as a fair, reasonable, and adequate resolution of this action. The parties are directed to distribute the settlement proceeds consistent with the terms of the Agreement.
2. The Settlement Agreement itself shall remain confidential.
3. This action is **ADMINISTRATIVELY CLOSED**.[1]

The parties shall file a Stipulation of Dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure prior to Defendants' payment of all settlement proceeds, including attorneys' fees and costs. The Stipulation shall dismiss the complaint with prejudice. The dismissal should be filed no later than January 27, 2012. In the event all settlement proceeds are not distributed in accordance with the Agreement, the parties' counsel shall promptly notify the Court and the case will be-reopened, if appropriate.

---

[1] An administrative closure of an action does not affect the substantive rights of the parties to reopen the case in the event of non-implementation of the settlement agreement.

It is so ORDERED this 16th day of December, 2011.

_____
Amy Totenberg
United States District Judge